UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CRISTIAN QUINTERO FELIX,

    Defendant.
_____/

No. CR 13-633 PJH

**PRETRIAL ORDER**

    This matter came before the court for a pretrial conference on October 22, 2014. At the pretrial conference, the court ruled on several motions and other pretrial issues as stated on the record and summarized below. Following the pretrial conference, the parties filed supplemental motions for pretrial relief, which are deemed submitted on the papers. The court hereby ORDERS as follows:

**I.     Defendant's Motions in Limine**

    Defendant's motion to exclude evidence offered by the government pursuant to FRE 404(b) for lack of, or untimely, notice is DENIED.

    Defendant's motion to exclude the rap videos found on the SD card taken from his cell phone is GRANTED on the grounds that the rap lyrics are not admissible as party admissions pursuant to FRE 801(d)(2)(A), are not inextricably intertwined with the charged crimes, have not been demonstrated by the government as evidence of other acts relevant to establish motive or knowledge pursuant to FRE 404(b), and present a danger of unfair prejudicial effect that substantially outweighs any probative value pursuant to FRE 403. Defendant's motion to exclude the rap videos on First Amendment grounds is DENIED.

Defendant's motion to exclude the audio and video recordings of his arrest is DENIED on the grounds that the video footage is not irrelevant, unduly prejudicial, or cumulative of the officers' trial testimony. In light of the government's representation that at least two of the officers on the recording will be available to testify at trial, the officers' recorded comments are admissible present sense impressions under *United States v. Gil*, 58 F.3d 1414, 1422 (9th Cir. 1995).

Defendant's supplemental motion to exclude photographs showing children playing in a schoolyard is DENIED as moot in light of the government's agreement not to use the disputed photographs.

Defendant's supplemental motion to strike the late government filing in support of its proposed jury instructions is DENIED, in light of defense counsel's opportunity to address the government's late-filed arguments at the pretrial conference and the charging conference.

**II.     Government's Motions in Limine and Supplemental Request for Pretrial Relief**

The government's motion requiring defense counsel to make an offer of proof and relevance before introducing *Henthorn*-type material is DENIED as premature, where the government has not disclosed any such material to the defense. If defense counsel discovers any such impeachment material, however, they must advise the court in advance of introducing, or questioning law enforcement witnesses about, such material.

With respect to the government's motion to admit electronic data from the SD card taken from the cell phone, the court rules as follows:

1. The government's motion to admit the rap videos is DENIED, as discussed above.

2. The government's motion to admit photos is GRANTED with respect to dated photos of the firearms that were seized from defendant or his backpack on the day of his arrest (Exs. C1, C2, C3, C7, C9, C10, C11, C12, C13, E1), which are inextricably intertwined with the charges against defendant.

2

3. The government's motion pursuant to FRE 404(b) to admit the photograph showing defendant holding the Titan firearm (Ex. C8) and the photograph showing defendant holding a firearm and displaying cash, scale and substances that appear to be drugs (Ex. F1) is GRANTED for the limited purpose of showing that defendant had opportunity to possess a firearm, planned and prepared to possess a firearm, had knowledge about firearms, and did not make a mistake in possessing a firearm.  Although these photos are undated, they do not appear to be too remote in time from the charged offense based on defendant's appearance in these photographs.

4. The government's motion to admit undated photos showing the firearms that were seized on the day of defendant's arrest (Exs. C4, C5, C6, D1), as supported by the government's supplemental request for pretrial relief to admit the undated photographs pursuant to FRE 404(b), is DENIED on the grounds that the temporal link to the charged acts cannot be reliably established by the manufacturing date of the cell phone, and the undated photos are cumulative of the dated photos that will be admitted into evidence.

5. The government's motion to admit photos showing only contraband or other items, without showing defendant, that were not seized on the day of defendant's arrest (Exs. B1-2, F2-7, G1-2, H1-3, I1-2, J1-4) is DENIED because those photos are not inextricably intertwined with the charged crimes and not admissible as other acts evidence pursuant to FRE 404(b), particularly because the prejudicial effect of showing photos of other guns that cannot be demonstrated to be in defendant's possession would outweigh their probative value under FRE 403.

6. The government's motion to admit the undated MMS message seeking a silencer is DENIED on the ground that the evidence lacks indicia of

reliability and cannot be admitted as a party admission.

7. The government's motion to admit the five SMS messages dated January 20 and 31, 2013, and February 17 and 18, 2013, referring to firearms that are not part of the charged crimes, is DENIED on the grounds that the messages are irrelevant and unduly prejudicial.

8. The government's motion to admit the SMS messages referring to drugs (dated April 15, 2013 to Katie25 and May 22, 2013 to Julio) and the SMS message dated July 12, 2013 to CNotes, the date of defendant's arrest, as party admissions is GRANTED.

9. The government's motion to admit the Google searches on defendant's cell phone as party admissions is DENIED.

10. The government's supplemental motion to admit the additional video (CAM 281) is DENIED IN PART on the ground that the narrative is not a party admission pursuant to FRE 801(d)(2)(A); the audio portion of the video is therefore not admissible. The motion to admit this video is GRANTED IN PART with respect to the visual portion of the video, which is not appreciably different from the still photographs showing defendant in possession of a large amount of cash, as evidence of other acts relevant to establish motive, intent, lack of mistake or accident, preparation, plan or knowledge pursuant to FRE 404(b).

11. The government's supplemental motion to admit the additional photos showing currency (CAM 400, CAM 262, CAM 263) as probative of defendant's drug sales activity is DENIED.

The government motion to admit the jail call recording as a party admission is GRANTED. Defendant's objection on the ground that the jail call is unduly prejudicial is overruled.

The government's motion, pursuant to FRE 404(b), to admit defendant's prior arrest for possession for sale of a controlled substance and possession of a concealed and

4

loaded firearm, and the circumstances supporting that arrest, is GRANTED with respect to the issues of defendant's knowledge and intent.  Defendant's supplemental response and objection to admission of the 2012 prior arrest pursuant to FRE 404(b) based on newly disclosed evidence is OVERRULED.  The government has demonstrated that the independent evidence of the prior arrest (besides the accusation alone) tends to prove a material point, is not too remote in time, is sufficient to support a finding that the prior conduct occurred, and is similar to the charged offense, and is therefore admissible pursuant to FRE 404(b).  *See United States v. Bailey*, 696 F.3d 794, 799-802 (9th Cir. 2012).  Defendant's objection seeking exclusion of the prior arrest evidence under FRE 403 for undue delay is OVERRULED.

The government's motion to admit defendant's prior convictions, if he testifies, for impeachment purposes is GRANTED with respect to the conviction for felony possession of concealed firearm and DENIED pursuant to FRE 609(a)(1) with respect to the conviction for possession of cocaine, which defendant has demonstrated is a misdemeanor offense under Health & Safety Code § 11350(b).  The court has reviewed the state court records provided by the government at the hearing and it appears that a mistake may have been made in the state court.  Defendant was charged in the information with possession for sale of a controlled substance, "to wit: COCAINE," in violation of Health & Safety Code § 11351, a felony.  The written waiver that he signed, however, reflects that he actually pled guilty to Health & Safety Code § 11350(b), a misdemeanor.  It appears that what may have been intended was a plea to a felony with the promise to reduce the offense to a misdemeanor pursuant to Penal Code § 17(b) upon completion of a three year period without violation, but what actually occurred, as reflected by the waiver and the transcript of the colloquy, was that defendant pled to the misdemeanor, not the felony.  As defense counsel argued, it would be nonsensical for a defendant to plead to a lesser included misdemeanor on condition that the offense would convert to a felony if a violation occurred.  Nor do the written records support this scenario as the intent of the parties or the state court.

The government's supplemental motion for an order prohibiting defendant from introducing evidence of his guilty plea to the felon in possession count on the ground that such evidence would substantially prejudice the government is DENIED.

### III. Jury Instructions and Verdict Form

As ordered at the hearing, the parties shall submit, by the first day of trial, a revised verdict form.

The court adopts the jointly proposed jury instructions, and rules on the disputed proposed instructions as follows:

1. The court declines defendant's proposed instruction No. 45(b) for possession with intent to distribute in or near school, requiring the jury to find intent to distribute drugs within the protected school zone, in light of *United States v. Martin*, 544 F.3d 456, 460 (2d Cir. 2008) (per curiam) and the circuit authorities cited therein, and *United States v. Pitts*, 908 F.2d 458, 459 (9th Cir. 1990). The court adopts the government's proposed instruction No. 45(a).

2. The court adopts the government's proposed instructions Nos. 46(a) and 47(a), instructing the jury that "There is no requirement that the firearm be loaded or operable," in light of *United States v. Hunter*, 101 F.3d 82, 85 (9th Cir. 1996). The court further adopts the last paragraph of defendant's proposed instructions No. 47(b), concerning "in furtherance of." The court declines defendant's proposed instruction No. 46(b).

3. The court adopts proposed instruction No. 48, which is not disputed, subject to correction of the erroneous cross-reference to Instructions 31 and 39.

4. The court declines the government's proposed instruction No. 49 explaining "on or about."

5. The court declines defendant's proposed instruction No. 50 concerning credibility of law enforcement witnesses.

6. The government shall submit a proposed jury instruction on the lesser included § 841(a)(1) offense, citing relevant authority, by October 27, 2014. Defendant may file an objection and/or propose an alternate instruction by October 29, 2014.

The parties shall jointly submit a revised set of numbered jury instructions, without citations, by no later than November 3, 2014.

### IV. Juror Questionnaire

The court adopts in part the voir dire questions proposed by the parties, as incorporated in the juror questionnaire that was distributed to counsel during the pretrial conference.

### V. Motion to Continue

The government's motion to continue the trial date is DENIED for the reasons stated on the record. However, three additional days will be available for trial should the six previously allotted days prove insufficient.

**IT IS SO ORDERED.**

Dated: October 27, 2014

PHYLLIS J. HAMILTON
United States District Judge