UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CRISTIAN QUINTERO FELIX,<br><br>　　　　Defendant.<br>_____/ | No. CR 13-633 PJH<br><br>**SECOND PRETRIAL ORDER; ORDER DENYING MOTION TO SUPPRESS EVIDENCE OF 2012 PRIOR ARREST AND GRANTING REQUEST FOR RULING ON SCOPE OF EVIDENCE** |

　　　　Defendant Cristian Quintero Felix has filed a motion to suppress all fruits of the warrantless search and seizure of defendant on March 11, 2012, warrantless search of the car driven by defendant, search of the Alameda residence, and search of the cell phone. Defendant also requests a ruling specifying what evidence of the 2012 arrest and searches are admissible under FRE 404(b). The government filed an opposition brief. Given that the court has only one day to resolve the matter before trial commences, the motion is decided on the papers. Defendant's request for leave to file a supplemental exhibit, doc. no. 151, is GRANTED. For the reasons set forth below, the motion to suppress is DENIED. Based on the evidence identified in the government's opposition, the court further rules on the scope of the evidence of the 2012 arrest admissible under FRE 404(b) as follows.

I.　　Motion to Suppress

　　　　A.　　Exclusionary Rule Does Not Bar Evidence of Prior Arrest

　　　　Defendant cites no binding authority to support his contention that the Fourth Amendment governs the admissibility of any evidence that the government seeks to admit in its case-in-chief, even for the limited purposes of FRE 404(b). Neither of the district

court authorities cited by defendant decided or addressed any dispute whether the exclusionary rule applies to evidence of a prior arrest admitted under FRE 404(b).  *See United States v. Arreola-Beltran*, 827 F. Supp. 2d 1188, 1197 (D. Idaho 2011) (where the defendant's motion to suppress was denied by the state court in his prior state court criminal proceeding, the district court determined, after conditionally excluding evidence of prior bad acts or convictions under FRE 403 and 609(a), that collateral estoppel law did not bar consideration whether the evidence seized during the defendant's prior arrest should be suppressed); *United States v. Teaupa*, 2013 WL 870077 (D. Haw. Mar. 7, 2013) (denying the defendant's motion to suppress, or in limine, to exclude statements he previously made to a Hawaii County police officer after an arrest on a bench warrant unrelated to the current proceedings, without mention whether the government challenged applicability of the exclusionary rule to evidence of the prior arrest).

　　　　The government argues persuasively that the exclusionary rule does not bar evidence introduced for limited purposes under FRE 404(b) because exclusion of defendant's prior arrest evidence in this unrelated criminal proceeding would not have an appreciable deterrent effect.  *See Pennsylvania Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363 (1998) ( the exclusionary rule "does not 'proscribe the introduction of illegally seized evidence in all proceedings or against all persons,' but applies only in contexts 'where its remedial objectives are thought most efficaciously served'") (quoting *Stone v. Powell*, 428 U.S. 465, 486 (1976); *United States v. Calandra*, 414 U.S. 338, 348 (1974)). The government cites Ninth Circuit authority recognizing that the Fourth Amendment does not bar admission of a prior arrest and search, even if illegal, where there is no suggestion of any bad faith or collusion by the officers involved in the prior and the instant cases, and where the officers in the prior arrest did not have the instant proceedings in their "zone of primary interest."  *United States v. Basinger*, 60 F.3d 1400, 1407 (9th Cir. 1995) (citing *United States v. Lopez-Martinez*, 725 F.2d 471, 476 (9th Cir. 1984)) (internal citation and quotation marks omitted).  Here, there is nothing to suggest that "the first investigation and prosecution might be planned to ensure the success of the second."  *Lopez-Martinez*, 725

F.2d at 476.  As in *Lopez-Martinez*, the exclusionary rule does not bar the introduction of evidence of defendant's prior 2012 arrest in this proceeding because the "additional measure of deterrence that might be provided by the exclusion in the [instant] trial of statements from the [2012] arrest is too small to outweigh the cost to society of the loss of relevant and probative evidence in [this] proceeding."  *Id.*

  B.  2012 Arrest and Searches Were Not Unconstitutional

  Alternatively, the court has considered defendant's Fourth Amendment challenges to the 2012 arrest and searches, and finds that the arrest and searches were not illegal.

    1.  Warrantless Search and Seizure of Defendant

  Defendant was stopped on March 11, 2012, after an Alameda police officer observed defendant's car indicate a left turn signal, then begin to turn right and make a complete U-turn in an intersection.  Hansen Decl., Ex. A at FELIX-0040.  The officer followed defendant's car and saw the car stop, being parked illegally, blocking a driveway and more than 18 inches from the curb line.  *Id.  See also* Def. Suppl. Ex. at FELIX-0877.  Defendant got out of the driver's seat, and the officer approached defendant on foot, asking for his driver's license or ID.  The officer did not use overhead lights or sirens, and did not impede defendant's path.  Hansen Decl., Ex. A at FELIX-0040.  Defendant responded that he did not have a driver's license.  The record demonstrates that up to that point, the initial encounter was consensual and did not rise to the level of an investigatory stop.  *See United States v. Kim*, 25 F.3d 1426, 1430 (9th Cir. 1994) ("Law enforcement officers do not implicate much less violate the Fourth Amendment by merely approaching an individual on the street or by asking him if he is willing to answer some questions.") (citations and internal quotation marks omitted).

  The officer reported that defendant was an unlicensed driver who was driving a motor vehicle in violation of Vehicle Code § 12500(a).  Hansen Decl., Ex. A at FELIX-0040.  The officer noted that defendant failed to provide an ID.  Based on the officer's training and experience, the officer knew that people tend to lie about their identity if they are committing a crime.  *Id.*  The officer further noted that defendant was acting nervous,

3

sweating, and putting his hands in his pockets, which the officer asked him to stop doing. A second officer arrived at that point. Based on defendant's furtive gestures toward his pockets and nervous behavior, the officer believed defendant might have a weapon and that officer safety was in jeopardy, and handcuffed defendant. *Id.*

Defendant denies that he had put his hands in his pockets or that he parked the car illegally. Hansen Decl., ¶ 2. Defendant has not submitted a sworn declaration to that effect, nor is there an indication, on the present record, that defendant challenged the searches uncovering the presence of drugs, firearm and ammunition in the state court criminal proceedings. Rather, defendant pled guilty to one of the weapons charges and a lesser included drug possession offense. Although the police report was not made under penalty of perjury, the record reflects that the arresting police officer testified at the preliminary hearing in state court that he saw defendant "putting his hands in his pockets a lot" and that defendant parked the car so that it was more than 18 inches away from the curb and blocking a driveway. Def. Suppl. Ex. at FELIX-0877, 0881, 0886. The officer's testimony corroborates the police report, and the record presents no genuine factual dispute about what the officer observed.

Under the totality of the circumstances, the officer had reasonable suspicion that defendant had committed a violation of § 12500, driving without a license, to conduct an investigatory detention, and to handcuff him out of concern for officer safety after observing defendant reaching into his pockets several times, even after being asked to stop doing so. The officer then conducted a pat-down search for weapons, as well as for a valid ID card, which was based on "'specific and articulable facts'" about concerns for officer safety, indicating more than a general "'governmental interest in investigating crime.'" *United States v. I.E.V.*, 705 F.3d 430, 435 (9th Cir. 2012) (quoting *Terry v. Ohio,* 392 U.S. 1, 21, 23 (1968)). Defendant argues that there was no concern for officer safety after he was handcuffed, but the *Terry* frisk was justified here based on articulated concern for protection of the police officers and need to determine whether defendant was armed. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1022 (9th Cir. 2009) ("A wide variety of

factors support a reasonable belief that an individual is armed and dangerous[, including] sudden movements or repeated attempts to reach for an object not immediately visible . . . .") (citations omitted).  The detention and search of defendant's person, resulting in discovery of a clear baggie containing a white powdery substance in defendant's right front pants pocket that the officer believed to be cocaine, and which defendant said was "coke," did not violate defendant's Fourth Amendment rights.

### 2. Warrantless Search of Car Driven by Defendant

Defendant contends that the tow inventory search of the car he was driving on the day of his 2012 arrest was unlawful because the government has failed to show that the car was "parked illegally, posed a safety hazard, or was vulnerable to vandalism or theft," to justify the search under the community caretaking exception.  Mot. at 13 (citing *United States v. Burgos*, 550 Fed. Appx. 484, 486 (9th Cir. 2013) (quoting *United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012)).  The record demonstrates, however, not only that defendant was an unlicensed driver, but also that defendant parked the car illegally, blocking a driveway and parked more than 18 inches from the curb.  Hansen Decl., Ex. A at FELIX-0040.  The inventory search, pursuant to Vehicle Code § 14602.6, was therefore reasonable.  *Cervantes*, 703 F.3d at 1141 ("Under the community caretaking exception, police officers may impound vehicles that jeopardize public safety and the efficient movement of vehicular traffic.") (citation and internal quotation marks omitted).

### 3. Search of Alameda Home

Defendant contends that the warrant authorizing the search of the Alameda residence on March 12, 2012, was not supported by probable cause because the search warrant affidavit did not establish a sufficient nexus to the Lincoln Avenue address to support a fair probability that contraband or evidence of a crime would be found there. Defendant contends that the affidavit relied on outdated "CRIMS" database information or undefined "local database records" to establish the Lincoln Avenue address as defendant's current residence.  The court determines, however, that it was reasonable for the affiant to rely on the most recent address information available from the CRIMS criminal database,

even though defendant was not on probation or parole at the time of the stop. Furthermore, defendant's address was corroborated by DMV records that were four years old, which is not such an unreasonable length of time so as to render the DMV records unreliable or stale. *See* Hansen Decl., Ex. B. The search warrant affidavit provided sufficient information to establish probable cause for a search at the Lincoln Avenue address, based on a "fair probability that contraband or evidence of a crime will be found in a particular place, based on the totality of the circumstances." *United States v. Grant*, 682 F.3d 827, 832 (9th Cir. 2012) (citation and internal quotation marks omitted). The search of the Alameda residence did not, therefore, violate the Fourth Amendment.

          4.          Search of Cell Phone

Defendant contends that his cell phone was searched without a warrant, and that the photographs of the content of the phone must be excluded pursuant to *Riley v. California*, 134 S.Ct. 2473 (2014), which was decided after the search of the cell phone at issue was conducted. The record demonstrates that a silver LG Metro PCS cell phone was found in defendant's possession on the day of his March 2012 arrest, and that the police checked the phone to look for evidence of sales. Hansen Decl., Ex. B at FELIX-0750. Although the government's opposition brief confuses the date of the prior arrest with the date of the current arrest, the controlling law at the time of defendant's 2012 arrest permitted an officer's warrantless search of the text message folder of a cell phone seized after arrest as a valid search incident to arrest. Opp. at 6 (citing *People v. Diaz*, 51 Cal. 4th 84 (2011)). As the government points out in its opposition brief, *Riley* was not decided until June 25, 2014, and the evidence of the text message on defendant's cell phone was obtained during a search conducted in reasonable reliance on binding precedent at the time of the search. *Id.* (citing *Davis v. United States*, 131 S. Ct. 2419, 2429 (2011) ("Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule.")). The fruits of the pre-*Riley* search of defendant's cell phone, incident to his 2012 arrest, are not, therefore, subject to the exclusionary rule.

Moreover, even if a search warrant were required to search the cell phone at the time of defendant's arrest in 2012, the text message and other contents would be admissible under the inevitable discovery doctrine. *See United States v. Lang*, 149 F.3d 1044, 1047 (9th Cir.) (citing *Nix v. Williams*, 467 U.S. 431 (1984)), *amended by* 157 F.3d 1161 (9th Cir. 1998). The 2012 search warrant affidavit requested "a search for Quintero's cellular phone(s)," based on the affiant's training and experience that it is common for drug traffickers to communicate with customers via cellular phone, and the warrant authorized the seizure of "any records, whether stored on . . . programmable instruments such as telephones, cell phones," and the search of "all of the above items." Hansen Decl., Ex. B at FELIX-0744-45, 0749. The record shows a reasonable probability that discovery of the text message and other contents of the cell phone was inevitable pursuant to the search warrant.

II.   Evidence of 2012 Arrest Admissible Pursuant to FRE 404(b)

Defendant seeks a determination of which exhibits and/or testimony regarding the 2012 prior arrest is admissible at trial to prove knowledge or intent under FRE 404(b). Based on the limited information provided by the parties about the disputed evidence and representations of the government, the court rules as follows:

    A.    Evidence Seized from Defendant's Cell Phone on March 11, 2012

          1.    Cell phone and photograph of text message on cell phone received Mar 11 from Adrian E: admissible to show intent to distribute narcotics

          2.    Photos on cell phone showing defendant with uncharged firearms: NOT admissible, as conceded by the government

    B.    Evidence of the 2012 Arrest and Search

          1.    Photographs of items seized from defendant and/or the car driven by defendant, Hansen Decl., Ex. D: admissible to show knowledge of drugs and/or firearms, and intent to distribute narcotics and/or use firearms in furtherance of drug trafficking.

7

      2.     Defendant's admission that he had "coke" when he was searched, and the officers' testimony that they found drugs, a firearm and ammunition in the car driven by defendant: admissible to show knowledge of narcotics and firearms, and intent to distribute narcotics and/or use firearms in furtherance of drug trafficking.

      3.     The government indicates that the drug evidence that is in the custody of the Superior Court cannot be released absent a specific order of the court detailing certain custody requirements, but no proposed order has been submitted to the court, and at this juncture, would not likely provide the Superior Court sufficient time to process the request for release of the drug evidence for admission at this trial.

C.    Evidence Seized from Defendant's Home on March 12, 2012

      1.     Evidence of digital scales, $1600 in cash and drugs taken from closet in defendant's bedroom: admissible to show knowledge and intent to distribute narcotics. Defendant's objection that these items have not been adequately tied to him to be relevant under FRE 404(b) is OVERRULED in light of the police reports indicating that defendant shared the bedroom with only his 15-year old brother, and that extra large clothes and court correspondence addressed to defendant were found in the closet, which are sufficient indicia to allow a jury to reasonably conclude that the closet in the bedroom was defendant's. Hansen Decl., Ex. A at FELIX-0047-48.

      2.     Medication found in defendant's mother's room: NOT admissible, as conceded by the government.

D.    2012 Conviction Records

The government has not addressed defendant's objection to admission of the prior conviction records pursuant to FRE 404(b). Because defendant pled to simple possession of a controlled substance in the state court proceeding, the prior conviction is admissible

pursuant to FRE 404(b) only to show knowledge, but not intent to distribute.  *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1242-43 (9th Cir. 2004) (prior "user quantity conviction can only be used to prove that Ramirez-Robles knew what methamphetamine is and how to identify it.").  Similarly, defendant's prior conviction for possession of a concealed firearm is admissible under FRE 404(b) for the limited purpose of showing knowledge of firearms, but not intent to use firearms in furtherance of drug trafficking.

E. Testimonial Evidence

Defendant represents that the government seeks to prove up the 2012 prior conduct through the testimony of six different witnesses, but the government has not, in opposition to the instant motion, identified which witnesses are expected to testify on which disputed issues pursuant to FRE 404(b).  The parties are expected to meet and confer on disputed testimony that is not governed by the scope of the pretrial orders.  Any further disputes regarding the testimonial evidence will be addressed after trial commences.  No further written motions may be filed without leave of court and the court will not entertain any such requests over the weekend.

**IT IS SO ORDERED.**

Dated: October 31, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge