UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff,<br>      v.<br>CRISTIAN QUINTERO FELIX,<br>             Defendant. | Case No. 13-cr-00633-PJH-1<br><br>**ORDER DENYING MOTION FOR NEW TRIAL, DENYING MOTION TO UNSEAL, AND GRANTING MOTION TO EXPAND THE RECORD; ORDER SEALING PORTION OF TRANSCRIPT**<br><br>Re: Dkt. Nos. 199, 200 |

Before the court are the motions of defendant Cristian Quintero Felix for new trial based on newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33, and to unseal documents and expand the record. The government filed briefs in response to the motions, and the court gave the parties an opportunity to present oral argument on the motions at the sentencing hearing on March 11, 2015. For the reasons stated on the record and set forth below, the court DENIES defendant's motion for new trial, DENIES the motion to unseal, and GRANTS the motion to expand the record.

**I.    Motion for New Trial**

   **A.    Legal Standard**

Rule 33 provides that a court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). A defendant is entitled to a new trial if he demonstrates: (1) that the evidence was newly discovered; (2) that he exercised due diligence in uncovering the new evidence; (3) that the new evidence is not merely

1  cumulative or impeaching; (4) that the new evidence is material; and (5) that the new
2  evidence is such that a new trial would probably produce an acquittal. *United States v.*
3  *Jackson*, 209 F.3d 1103, 1106 (9th Cir. 2000).

**B.   Discussion**

The motion for new trial is denied on the grounds that the newly discovered evidence of the in camera statements by the informant's attorney to the court is neither material nor exculpatory, and that a new trial would not likely produce an acquittal.

1.   Defendant characterizes the statements of the informant's attorney as exculpatory by arguing that the informant's attorney "confirmed that her client supported [defendant's] theory of the case, namely that '[the informant] also thought that day in the beauty salon that [defendant] was showing [the gun] to him to maybe get rid of the gun since [the informant] knows how to get rid of guns.'" Doc. no. 200 at 6 (quoting Nov. 10, 2014 trial transcript at 52). The court does not interpret the cited statement by the informant's counsel as a proffer of exculpatory evidence that the informant would have testified that he believed that defendant showed him the gun to "get rid of the gun." Rather, as is apparent in the full context of the side bar discussion, the attorney for the informant was describing the disputed issues among the parties, including the dispute whether defendant showed the gun to the informant to sell or offload the gun to the informant: "And the other piece of this that makes it complicated as I listen to the parties that [the informant] also thought that day in the beauty salon that he was showing it to him to maybe get rid of the gun since [the informant] knows how to get rid of guns." Nov. 10, 2014 Tr. at 52. In subsequent passages in the transcript, the informant's attorney refers to the informant's experience as a fence for guns but she does not specifically say that the informant "knew" or "believed" that when defendant showed him the gun and said "this is for you/them bitch ass niggas," he was offering the guns to the informant for sale.

2.   Even assuming that the statements by the informant's attorney could be interpreted as an admission or proffer that the informant did, in fact, believe that defendant was trying to sell him a gun, these statements are not inconsistent with the

1    informant's testimony at trial and are not material.  When asked by the government, "Did
2    the defendant offer to sell the firearm to you," the informant answered "no."  Nov. 10,
3    2014 Tr. at 23.  But as the record demonstrates, the informant was not asked about his
4    understanding of what he thought defendant meant by showing him the gun and saying
5    "this is for you/them bitch ass niggas."  The informant did not, for example, testify that he
6    thought that defendant showed him the gun to indicate he was carrying it for protection or
7    to threaten others.  Rather, on direct examination by defense counsel, the informant
8    testified that defendant did not threaten him when defendant opened his backpack to
9    show him the gun.  *Id.* at 12-13.  Though defendant's reference to "bitch ass niggas"
10   could have been interpreted as a threat, the informant also testified that "niggas" could
11   refer either to harmful people or to friends.  *Id.* at 26.

12       3.    Even if the informant had testified that he believed that defendant intended
13   to sell him the gun, such testimony would have been purely speculative.  As the record
14   shows, the court sustained defense counsel's objection when the government directly
15   asked the informant whether it was his understanding that defendant said "this is for them
16   bitch ass niggas" to refer to using the gun for his own protection.  Nov. 10, 2014 Tr. at 23.
17   When the government subsequently asked the informant whether he thought there was a
18   difference between the statements "this is for them bitch ass niggas" and "this is for you
19   bitch ass niggas," defense counsel objected to the informant's testimony as speculative
20   when he attempted to explain "there was no difference other than what I believed was
21   that he was saying that -."  *Id.* at 38.  Without explaining his belief or understanding, the
22   informant testified that that he could not recall the exact words that defendant said, but
23   that the two statements were not appreciably different.  *Id.* at 39.  Similarly, any inquiry
24   into the informant's belief whether defendant was trying to sell him a gun would have
25   called for speculation and the answer would not have been admissible.

26       4.    Additionally, to the extent that the statements by the informant's attorney
27   during the in camera proceeding were properly characterized by defense counsel, they
28   were based on privileged attorney-client communications.  Defendant cites no applicable

United States District Court
Northern District of California

1 authority establishing a waiver of the attorney-client privilege by the witness/informant for
2 his statements to his attorney.  Thus, the disclosures made in camera by the informant's
3 counsel would not be admissible at trial as they are privileged.

4   5. By arguing that "[t]he Court did not disclose this exculpatory information to
5 the defense; instead, the Court commented to [the informant's] counsel that the defense
6 'asked all around that question,'" defendant suggests that the court had an obligation to
7 reveal the privileged communications disclosed by the informant's attorney during in
8 camera proceedings.  Doc. no. 200 at 6 (quoting Nov. 10, 2014 Tr. at 54).  Defendant
9 cites no authority for this proposition, and the court is aware of no such obligation.

10   6. Defendant contends that a new trial that takes the newly discovered
11 evidence into account would likely result in an acquittal on Count Two, for possession of
12 a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  As
13 the court previously held, even if the jury determined that defendant showed one of the
14 handguns in his possession to the informant in an effort to sell it, a rational juror could
15 reasonably conclude from the evidence that defendant did not offer to sell the second
16 handgun and that he carried it for protection when he was selling or distributing drugs.
17 *See* doc. no. 187 at 4.  Thus, even if the so-called newly discovered evidence had been
18 available at trial to show that defendant intended to sell the inoperable gun, a reasonable
19 jury could have still convicted defendant on Count Two based on evidence that he
20 possessed the other firearm that was operable and fully loaded, with one round in the
21 chamber, which defendant carried in his backpack with the small bundles of cocaine.
22 *See* doc. no. 187 at 3-6.

23   In summary, the purported newly discovered evidence upon which this motion is
24 brought is "an exculpatory proffer from the informant's counsel."  This proffer from
25 counsel was to the effect that her client knew or believed that defendant was offering to
26 sell a gun to the informant when defendant said "this is for you/them bitch ass niggas."
27 The court disagrees that this accurately represents the proffer, but will assume the
28 accuracy of defense counsel's construction.  Defense counsel argues that if she "had

known that [the informant] stood by his original statement made to defense in March 2014, namely that [defendant] said "look what I got for you/those niggas" because he was trying to get [the informant] to unload a gun, defense counsel would have asked [the informant] the question it had danced around." (Doc. no. 200 at 8).  However, as pointed out in the order denying the first motion for new trial, there was no material inconsistency – the informant told the defense before trial that defendant exhibited a firearm in his backpack and said "look what I got for you/those niggas" and at trial he testified that defendant exhibited a firearm and said "this is for you/them bitch ass niggas."

There is no evidence whatsoever that the statement was made, as defense counsel argues, **because** defendant was trying to sell the gun to the informant.  In her proffer, the informant's counsel did not say that her client understood or believed that defendant intended to offer the gun for sale.  In his testimony, the informant did not testify as to the intent of the defendant when he made the statement, nor could he as it would have been inadmissible as pure speculation.  He also testified unequivocally that defendant did not expressly offer to sell him the gun.  And interestingly, in the previously sealed declaration of defense counsel, in support of the motion to confirm the identity of the informant, nowhere does it say that the informant said that he understood or believed that defendant was offering to sell the gun.  That defendant made a statement to the informant when he exhibited the gun in the beauty shop is undisputed.  What is missing, however, is any evidence as to what defendant meant when he made the statement.  In the end, there was only attorney argument on this critical element of the charge.  Defense counsel recognizes this in the sentencing memo when she writes, "The government relies on [defendant's] counsel's arguments at trial that he did not possess the guns in connection with the drugs in his backpack but rather showed a gun to [the informant], to have him get rid of it.  As juries are instructed, the arguments of counsel are not evidence, Ninth Cir. Model Crim. Jury Inst. 3.7, and the defense arguments at trial did not prove anything." (Doc. no. 202 at 15).

The purported newly discovered evidence was not new, was not admissible evidence, was not material, and would not have resulted in a different verdict had it been admitted. The motion for new trial is therefore DENIED.

## II. Motion to Unseal and Expand the Record

### A. Sealed Filings Related to Informant

Defendant seeks an order unsealing certain documents related to the informant that were filed under seal. Defendant also seeks the unsealing of any documents submitted ex parte that relate to the informant's immunity agreement. Doc. no. 199 at 6. Defendant contends that all sealed court documents and transcripts related to the informant should be unsealed for purposes of appeal, on the ground that the court denied defendant's suppression motion based on the government's sealed submissions. Defendant also argues that the informant has been publicly identified in this case and has testified in open court, so that there is no further justification for keeping these court filings under seal.

The government objects to unsealing these records on the ground that defendant offers no factual basis or authority for unsealing all information pertaining to the confidential informant, and represents that public disclosure of those documents would elaborate on the informant's activities and jeopardize his safety. The government also argues that most of the sealed documents were filed by the defense, and that the defense had the opportunity to utilize most of the information at trial. The government points out, in particular, that the court required the government to provide *Giglio* information about the informant to the defense. The government points out that the sealed documents are part of the record for appellate review.

Having reviewed the sealed documents, filed by both the defense and by the government, the court determines that public disclosure of the sealed documents would reveal details about the informant's work with law enforcement, beyond the fact that he was the tipster in this case and the disclosure of his identity, and would raise concerns about harassment or danger to the informant. Because the continued need to protect the

informant's safety presents a compelling interest that would be harmed if the sealed documents were made public, and there are no alternatives to closure that would adequately protect that compelling interest, defendant's motion to unseal the documents is DENIED.  *See Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 13-14 (1986).

### B. *Brady* Disclosure Letters

Defendant seeks to supplement the record for purposes of appeal to include the government's two *Brady* disclosure letters related to the informant.  Doc. no. 199, Exs. A, B.  Being unopposed by the government, defendant's motion to expand the record to include the government's disclosure letters, dated October 20 and 27, 2014, is GRANTED.

## CONCLUSION

Accordingly, defendant's motion for new trial based on newly discovered evidence is DENIED.  Defendant's motion to unseal all filings and portions of transcripts relating to the informant is DENIED, and the motion to expand the record to include two disclosure letters from the government is GRANTED.

As the court ordered at the hearing, the portion of the trial transcript reflecting the ex parte side bar discussion with Ms. McClure shall be filed under seal and defense counsel may make no further use of the transcript except for purposes of an appeal.  IT IS HEREBY ORDERED that the November 10, 2014 trial transcript, at 52:1 through 54:24, be sealed.

**IT IS SO ORDERED.**

Dated: March 12, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge